UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANDREWS,<br><br>        Plaintiff,<br><br>   v.<br><br>MERRILL CORPORATION/MERRILL COMMUNICATIONS LLC,<br><br>        Defendant. | Case No. 13-cv-05884-JSC<br><br>**ORDER RE: JURISDICTION** |

Defendant Merrill Communications LLC removed this employment discrimination action from state court on the basis of diversity jurisdiction. The Court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Complete diversity means that "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). Further, the party asserting diversity jurisdiction bears the burden of proof. *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961). Generally, LLCs are "citizen[s] of every state in which [their] owners/members are citizens.*" Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, citizenship here is dependent on the citizenship of Merrill Communications' owners/members. Neither the Complaint nor the Notice of Removal, however, includes any information as to the citizenship of the LLC's owners or members.

Defendant is accordingly ordered to provide to the Court the name and citizenship for each of its owners/members **by no later than February 28, 2014**.

1     **IT IS SO ORDERED.**

2    Dated: February 11, 2014

3    _____
JACQUELINE SCOTT CORLEY
4    United States Magistrate Judge